# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWINA MADDOX | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-CV-00456-CVE-PJC |
| | ) |
| DELTA AIRLINES, INC., a foreign | ) |
| corporation; ATLANTIC SOUTHEAST | ) |
| AIRLINES, INC., a foreign corporation and | ) |
| SKYWEST AIRLINES, INC., a foreign | ) |
| Corporation | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. # 17). Defendant Delta Air Lines, Inc. (Delta) removed this case from the District Court of Osage County, State of Oklahoma on July 19, 2010. Dkt. # 2, at 1, 4. Plaintiff asks this Court to remand the case on the ground that two of the three defendants failed to join in the notice of removal. Defendant argues that consent from all defendants was included in its notice of removal, and, in the alternative, that even if all defendants had not joined in the notice when it was filed, they effected proper joinder in the notice within the requisite time period.

### I.

On September 6, 2007, plaintiff Edwina Maddox was a passenger on a Delta flight operated by defendant Atlantic Southeast Airlines, Inc. (Atlantic)[1] departing from Atlanta, Georgia for Tulsa,

---

[1] Plaintiff alleges that defendants (Delta, Atlantic, and Skywest Airlines, Inc.) are "engaged in a joint venture through code-sharing and operations agreements, and that [Maddox] was injured while [d]efendants were engaged in said venture . . . ." Dkt. # 17-2, at 2.

Oklahoma from the Hartsfield-Jackson Atlanta International Airport[2]. Dkt. # 17-2, at 2. Plaintiff alleges that, during the boarding process, the passengers were re-routed by Delta agents and told to walk down a set of steps and through a covered walkway to reach the plane. Id. While proceeding toward the plane on this walkway, plaintiff fell because of what she claims was a dramatic change in elevation in the walkway about which she was unwarned. Id. at 3-5. She sustained injuries from her fall. Id.

Plaintiff filed her petition against the three defendants in Osage County District Court on September 2, 2009, alleging four causes of action: one count each of negligence against each individual defendant, and a fourth count for breach of contract against all three defendants. Id. at 1-6.

For her negligence claim against Delta, Maddox alleges that Delta negligently failed to warn her that there was a dramatic change in elevation in the walkway, that it had a duty to warn her about that fact, and that its breach of that duty was the direct cause of injury to plaintiff. Id. at 3. On that ground, she seeks damages from Delta "in an amount in excess of $10,000.00." Id. For her negligence claim against Atlantic, Maddox alleges that, although her flight was Delta-coded, it was actually operated by Atlantic with an Atlantic airplane and employees. Id. Thus, she makes allegations identical to those against Delta, and seeks identical damages. Id. at 4. Finally, with regard to Skywest Airlines, Inc. (Skywest), Maddox alleges that it was the principal owner of Atlantic and had secured the code-sharing or operations agreement with Delta for Atlantic to serve as Delta's regional carrier out of Atlanta. Id. On that basis, she alleges that Atlantic was Skywest's

---

[2]     Plaintiff's motion refers to the airport as "Atlanta International Airport." Dkt. # 17-2, at 2.

agent and she makes identical claims and seeks identical damages as in the other negligence causes of action. Id.

In her breach of contract claim, Maddox alleges that she purchased her airline ticket through Delta, which was engaged in a joint venture with Atlantic and Skywest. Id. As a result of her ticket purchase, she asserts that defendants "had a duty to provide [her] with adequate safety and security during ingress and egress to and from the airplane," that they breached that duty, and that the breach was the direct cause of her injury. Id. at 5-6. She seeks contract damages "in an amount in excess of $10,000.00," and costs and attorneys' fees. Id. at 6.

On March 10, 2009, plaintiff's counsel sent Atlantic a letter stating that plaintiff's injuries included "pain and swelling in her right foot, pain in both her hands and wrists, and pain and numbness in her left knee." Dkt. # 2-3, at 3. Plaintiff was also said to suffer from "chronic and dishabilitating [sic] pain in her knees, hands, and wrists" and to be unable "to continue her current occupation, to retirement age, as it requires too much physical activity and traveling." Id. Plaintiff's medical expenses as of the date of the letter were stated to be $13,000, and the letter said that her "continued deterioration will result in the need for future surgical intervention, including the probability of knee replacement surgery, with a cost in the fifty thousand dollar range, to be followed by long term rehabilitation and convalescence." Id. In that letter, plaintiff's counsel offered to settle for $325,000. Id. at 4.

Although the petition was filed on September 2, 2009, plaintiff did not serve process on Delta until June 30, 2010. Dkt. # 17-4, at 2. She served process on Atlantic and Skywest on July 14, 2010; however, this service was not reflected on the state court docket sheet until July 16, 2010. Dkt. # 17-5, at 4; Dkt. # 17-6, at 4. Defendants argue that, although they were not docketed until

Monday, July 19, 2010, the notice of removal and accompanying documents were submitted to the Court Clerk for the Northern District of Oklahoma on Friday, July 16, 2010. Dkt. # 19, at 6 n. 1. Only Delta was a signatory to that notice. Dkt. # 2, at 4. At that time, defendants claim, notice of service on Atlantic and Skywest was not publicly available, and defendants' shared counsel was not advised by those two parties until July 21 and July 22, 2010, respectively, that service had been obtained upon them. Id. at 6, 6 n.1. Regardless, defendants claim that their shared counsel had communicated with both Atlantic and Skywest and obtained the consent of those defendants prior to filing of the notice of removal. Dkt. # 19, at 6, 8. Atlantic and Skywest each filed an answer to plaintiff's petition on August 2, 2010. Dkt. ## 12, 13. The remand motion depends upon whether defendants' notice of removal contained the consent of all three defendants and, if not, if consent to removal by defendants Atlantic and Skywest was manifested in their answers to the petition filed in federal court within thirty days of their receipt of service.

**II.**

Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To exercise this right, a defendant must file a notice for removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). It has long been acknowledged that all defendants must join in removal. See Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). "[G]iven the limited scope of federal jurisdiction, there is a presumption

against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th Cir. 2005)(unpublished)[3].

### III.

Maddox argues that the notice of removal filed on July 19, 2010 did not contain the consent of Atlantic and Skywest, and that no other form of consent was filed by either of those parties within thirty days of service upon Delta. Therefore, she moves for remand to Osage County District Court on the ground that the notice of removal was procedurally defective. Dkt. # 17, at 9. Defendants claim that the notice of removal was consented to by Atlantic and Skywest because those parties had consented during conversations with their shared counsel[4] and they were not required to file any separate documents to manifest that consent. Dkt. # 19, at 13-15. In the alternative, defendants argue that consent to removal was effected by Atlantic and Skywest upon their filing of answers within thirty days of their receipt of service. Id. at 15-19.

### A.

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. § 1332(a). Where a complaint does not firmly establish the amount in controversy, a defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. See McPhail v. Deere & Co., 529 F.3d

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[4] The notice of removal does not express the consent of all defendants, and it was signed on behalf of Delta only. Dkt. # 2.

947, at 953 (10th Cir. 2008). This rule guards against the potential for plaintiffs to avoid federal jurisdiction simply by omitting any amount in controversy from their complaints. Pre-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes. Id. at 954-56 (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006)); see also, e.g., King v. Ameriprise Fin. Servs., Inc., 2009 WL 1767641, at *3 (S.D. Tex. June 19, 2009).

Maddox's petition does not clearly state the amount in controversy. Rather, she seeks damages "in excess of $10,000." Dkt. # 17-2, at 3-6. However, the letter sent to Atlantic on March 10, 2009 provided a clearer statement of the scope of Maddox's injuries and amount of compensation she was seeking. Importantly, her counsel made a settlement offer of $325,000. Dkt. # 2-3, at 4. That amount greatly exceeds the jurisdictional requirement of $75,000, and the letter's allegations of plaintiff's need for surgery and her "chronic" pain provide a basis on which to find that the settlement demand was not mere puffery. E.g., Wilson v. Target Corp., 2010 WL 3632794, at *3 (S.D. Fla. Sept. 14, 2010)("pre-suit settlement offers may not be determinative . . . of the amount in controversy when they merely reflect puffing and posturing by a party"). The Court finds that defendants have shown by a preponderance of the evidence that the amount in controversy is greater than $75,000, as the settlement demand letter appears to "demonstrate plaintiff's own estimation of [her] claim." See McPhail, 529 F.3d at 956. Because the parties are completely diverse, Dkt. # 2, at 1-2, this Court has original jurisdiction over the case.

**B.**

A showing of original jurisdiction does not necessarily mean that the matter is properly removed. As noted, the unanimity rule in removal jurisdiction requires all defendants to join in a

removal. See Chicago, R.I. & P. Ry. Co., 178 U.S. at 248. The Tenth Circuit has interpreted this requirement to mean that all defendants joined at the time of filing of the notice of removal must consent to that removal. See Farmland Nat'l Beef Packing Co. L.P. v. Stone Container Corp., 2004 WL 830769, at *3 (10th Cir. April 16, 2004)[5]; Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). This unanimous consent by defendants may be manifested by a notice of removal signed by all defendants, or by all defendants "officially and unambiguously indicat[ing] their desire to remove the action." Helm v. Drennan, 2007 WL 2128404, at *1 (N.D. Okla. July 25, 2007). Failure of all defendants to join in removal is considered a procedural defect warranting remand. NPI, Inc. v. Pagoda Ventures, Ltd., 2008 WL 3387467, at *3 (N.D. Okla. Aug. 8, 2008).

The notice of removal was signed by Delta only. Dkt. # 2, at 4. The only mention of the other defendants was Delta's statement that "as of the date of this filing, it does not appear that service has been obtained on [Atlantic] or [Skywest]." Id. at 1. However, the notice of removal was transmitted on July 16, 2010, Dkt. # 2, and service of process was obtained upon Atlantic and Skywest on July 14, 2010. That service appears on the state court docket as of July 16, 2010. Dkt. # 17-4, at 2. Defendants excuse their lack of knowledge of service upon Atlantic and Skywest by stating that defendants' counsel "was not advised by [those defendants] that service had been obtained until July 21 and July 22, 2010, respectively." Dkt. # 19, at 6 n. 1. Moreover, defendants argue that counsel for Delta at the time of the notice for removal could not have independently discovered that the parties had been served because the day that service upon Atlantic and Skywest appears on the state docket, July 16, 2010, is the same day that defendant Delta transmitted its notice

---

[5] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

7

of removal to the Clerk of this Court.  Id.  This Court does not find persuasive any argument by Delta that its lack of knowledge of service on the other defendants changes the requirements of the unanimity rule.[6]  It is not enough for defendants to claim that their shared "counsel had communicated with both [Atlantic] and Skywest and each had consented to the removal of the lawsuit to Federal Court."  Dkt. # 19, at 6 n. 1.  To comply with the requirements of the unanimity rule, the Court must actually receive acknowledgment of consent by each defendant; it will not be implied.  See, e.g., Beard v. Lehman Bros. Holdings, Inc., 458 F. Supp. 2d 1314, 1319 (M.D. Ala. 2006).

Defendants urge adoption of an exception to the unanimity rule to the effect that consent by one defendant with shared counsel is implied consent by all defendants with the same counsel. While the Tenth Circuit has not so held, defendants argue that Vasquez v. Americano U.S.A., 536 F. Supp. 2d 1253 (D.N.M. 2008), and Roybal v. City of Albuquerque, 2008 WL 5991063 (D.N.M. Sept. 24, 2008), stand for the proposition that "[e]ach defendant need not give independent consent to removal when single counsel represents multiple defendants in a case."  Dkt. # 19, at 11. However, Vasquez and Roybal do not stand for the exception urged by defendants.

---

[6] Delta's excuses as to why it did not know that the other defendants had been served at the time of its attempted removal are unavailing.  First, defendants have shared counsel.  Thus, it defies explanation why counsel would not have been told or inquired into which defendants had been served prior to filing a notice of removal.  More importantly, the state court docket sheet was updated on July 16, 2010 to reflect service on the other defendants. Although Delta emailed its documents to the federal Court Clerk's office that day for the purpose of opening the electronic case shell, the Court Clerk did not notify Delta's counsel of the case number for electronic filing by Delta's counsel of all the removal documents, including the notice of removal, until the morning of July 19, 2010.  Thereafter, the notice of removal was docketed by Delta's counsel on July 19, 2010 at 1:31 p.m.  See Dkt. # 2, and accompanying Notice of Electronic Filing.  By that time, the state court docket sheet clearly reflected service of process on the other defendants.  Thus, Delta could (and should) have added the consent of the other defendants in its July 19, 2010 filing.

In <u>Vasquez</u>, the plaintiff argued that the notice of removal was procedurally defective because all of the defendants had not properly joined the notice. 536 F. Supp. 2d at 1257. Defendants argued that counsel's statement in the notice of removal that all parties consented was sufficient, and that no further statement of consent was needed from the parties. <u>Id.</u> at 1257-59. The court disagreed, and held that because there had not been an independent and unambiguous statement by each defendant of its consent to removal, the notice of removal was procedurally defective. <u>Id.</u> at 1258-59. In dicta, the <u>Vasquez</u> court explained that because the same counsel represented two parties, a representation by that counsel that his other client consented to removal was valid for purposes of the unanimity rule. <u>Id.</u> at 1257 n.2.

<u>Roybal</u> elaborated on the dicta of <u>Vasquez</u> that an attorney representing multiple clients may recite consent to removal on behalf of all those clients in the notice of removal. In <u>Roybal</u>, the notice of removal did not name any individual defendants, and was signed by counsel representing all defendants on behalf of only one defendant out of six. 2008 WL 5991063, at * 1. However, the notice stated that all defendants served as of the date of filing consented to removal. <u>Id.</u> The court noted that, while the unanimity rule requires that all defendants served at the time of removal express consent to that removal, consent on the part of defendants sharing counsel does not have to be in a writing naming all clients but may be based on counsel's representations as to their consent. <u>Id.</u> at * 6-7.

<u>Vasquez</u> and <u>Roybal</u> serve only to highlight the deficiencies in the notice of removal in this case. It is unnecessary for this Court to reach the applicability of the New Mexico exception for parties with shared counsel. Delta's notice of removal does not fall within that exception. The issue in both <u>Vasquez</u> and <u>Roybal</u> was the validity of consent given by shared counsel on behalf of

defendants not explicitly named in the notice of removal. Here, no such consent by other defendants was expressed in the notice of removal. Instead, counsel erroneously stated that it did not appear that either of those parties had yet been served. Dkt. # 2, at 1. Although plainly on notice that such service was imminent, counsel took none of the precautions taken in cases upon which it now relies.[7] While shared counsel may justify allowances such as crediting a statement of unanimous consent by all defendants, the mere fact that parties share counsel does not create an exception to the unanimity rule. The notice of removal did not contain a statement of consent by either Atlantic or Skywest, and consent from those two defendants was therefore lacking.

## C.

In the alternative, defendants argue that the consent of Atlantic and Skywest was effected by the mere filing of their answers in federal court. Dkt. # 19, at 13-14. In addressing this argument, both parties appear to assume that resolution of the issue turns only on the proper reading of the thirty-day filing requirement set out in 28 U.S.C. § 1446(b).[8] Neither has offered any case law regarding whether the filing of an answer can manifest consent to removal for purposes of § 1446(b), a question to which this Court will now turn.

---

[7] For instance, the Roybal court approved of counsel's statement that "all defendants who have been served consent to the removal" without stating the exact defendants to which it referred. 2008 WL 5991063, at * 9. The court found that although the statement was somewhat unclear as to which parties were included, "[i]f [counsel] had expressly listed all those who had been served, and someone else was served, unknown to her, minutes before she filed the document, the consent would have been inadequate." Id. Thus, despite defendants' heavy reliance upon Roybal, the notice of removal at issue is insufficient under that court's reasoning.

[8] Both parties dedicate significant briefing to the question of whether the thirty-day period under §1446(b) begins to run when the first defendant is served, or whether each defendant receives a separate thirty-day period in which to manifest consent. Dkt. # 17, at 5-6; Dkt. # 19, at 15-19; Dkt. # 20, at 4-7; Dkt. # 24, at 2-4.

While the Tenth Circuit does not appear to have ruled on this issue, a number of courts have found that answers like those of Atlantic and Skywest, which are silent as to the issue of removal, do not provide proper notice of consent. See, e.g., Unicom Systems, Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 642 (E.D. Va. 2003)(holding that "[a]n answer that is wholly silent on removal . . . falls far short of [the requirement that defendants affirmatively and unambiguously express consent to removal]" and collecting cases finding same).[9]

The Court finds the many opinions on this issue persuasive in their holdings that the filing of an answer in federal court silent on the issue of removal does not constitute a clear, unambiguous expression of consent. In arriving at that conclusion, the Court is guided by the strict construction of the removal statute. See, e.g., Cohen v. Hoard, 696 F. Supp. 564, 565 (D. Kan. 1988)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941))("[s]ince removal is entirely a statutory right, the relevant procedures must be followed[, and] [r]emoval statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress"). Strict

---

[9] See also, e.g., Ammar's, Inc. v. Singlesource Roofing Corp., 2010 WL 1961156, at *5 (S.D. W. Va. May 17, 2010)(holding that an answer without "any affirmative or unambiguous manifestations of consent to the removal" was insufficient to constitute evidence of consent); Snead v. Woodbine Prod. Corp., 2008 WL 4610236, at *2 (W.D. La. Oct. 11, 2008)(finding lack of consent to removal where defendant filed answer silent as to that issue because "each defendant must consent to removal "officially, affirmatively, and unambiguously" and, therefore, "it stands to reason that the mere filing of an answer does not constitute a sufficient expression of consent"); Peace v. Sorensen, 2008 WL 2676367, at *3 (C.D. Cal. June 30, 2008)(citing cases rejecting the view that an answer may be treated as consent to removal); Daniels v. Town of Farmville, 2007 WL 4246478, at *3 (E.D. Va. Nov. 29, 2007)(relying on cases addressing answers to find that notices of appearance silent as to the issue of removal were not "affirmative and unambiguous manifestation of consent to removal required"); Granderson v. Interstate Realty Mgmt. Co., 2006 WL 3422359, at *2 (S.D. Miss. Nov. 27, 2006)(holding that because "[t]he mere filing of an answer is hardly a clear, unambiguous expression of consent," answers silent on the issue of removal were insufficient to show consent to removal).

construction of the removal statute is furthered by a holding that an answer silent as to removal is insufficient for purposes of the unanimity rule. As explained in Local Union No. 172 v. P.J. Dick, Inc., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003):

> Allowing a defendant's ambiguous actions, such as filing an answer which makes no reference to the removal of the case, to satisfy the clear requirements of the statute . . . simply encourages defendants not to take those simple steps needed to make their intention clear, and to create the desired level of certainty about whether a case was properly removed.

This case is a perfect example of one where simple steps on the part of defendants' counsel would have altered the outcome. Although counsel states that he was aware of consent by Atlantic and Skywest as to removal at the time the notice of removal was filed, he failed to include a simple statement to that effect that would have cured any defect in the notice. Moreover, even when faced with another opportunity to acknowledge unambiguous consent to removal in the answers filed by Atlantic and Skywest after the notice of removal, defendants failed to do so. Those omissions on the part of defendants constitute a procedural defect in the notice of removal, and defendants have not met their heavy burden of showing that removal is justified.

Based on a finding that the failure to include any mention of removal in the answers of Atlantic and Skywest is fatal to the contention that they constitute unambiguous expressions of consent to removal, the question of when the thirty-day period to consent to removal begins to run need not be reached. The Court finds that, because consent of Atlantic and Skywest to removal was not included in the notice of removal and was not manifested in the answers filed by those defendants, the notice of removal is procedurally defective and subject to remand.

**D.**

Upon a finding by this Court that the notice of removal is deficient, defendants seek leave to file an amended notice of removal. Under § 1446(b), amendments to the notice of removal are proper only within the given thirty-day period. The statutory method for amendment of removal papers after the thirty-day period is found in 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." As defendants correctly note, the Tenth Circuit and other courts have allowed parties to amend notices of removal as to jurisdictional facts such as the principal place of business or citizenship of a party. See, e.g., Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 302-03 (10th Cir. 1968); McEntire v. Kmart Corp., 2010 WL 553443, at * 9 (D.N.M. Feb. 9, 2010).

However, the lack of unanimous consent to a notice of removal is a procedural defect, not a jurisdictional one. Farmland Nat'l Beef Packing Co., 2004 WL 830769, at *3; SBKC Serv. Corp. v. Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir. 1997). By its terms, section 1653 "may not be used to amend 'a substantial defect in removal proceedings,' such as the failure to obtain the consent of a co-defendant." See In re Fee Agreement Between Huey & Fong Trust and Kenneth Huey Family Trust, 2010 WL 3303830, at * 2 n.9 (E.D. La. Aug. 18, 2010); see also Beard, 458 F. Supp. 2d at 1321-22 (denying motion to accept amended notice of removal filed after thirty-day deadline on the ground that failure to gain consent of all parties was a substantial procedural defect that could not be remedied by amendment under § 1653, and collecting cases holding same). Therefore, there are no available methods by which defendants may properly amend their notice of removal.

Defendants rely on cases such as Huffman v. Saul Holdings Limited Partnership, 194 F.3d 1072 (10th Cir. 1999), to support their argument that procedural defects do not mandate remand, and

13

that discretion should be exercised in considering whether to retain the case. Dkt. # 19, at 21. In Huffman, the court relied on Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996), for its refusal to remand a case where the notice of removal had been untimely filed, holding that "a defect in removal procedure does not warrant a remand to state court if subject matter jurisdiction existed at the time the district court entered judgment." 194 F.3d at 1079-80. However, both Caterpillar and Huffman addressed the need for reversal and remand by a court of appeals in light of procedural defects in a notice of removal, not the obligation of district courts to follow remand rules. E.g., Miller v. Fed. Int'l, Inc., 2009 WL 535945, at *3 (S.D. Ill. March 4, 2009). Those rules, strictly applied, require remand in this case.

### E.

Maddox seeks an award of costs and attorney fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of such fees turns on the reasonableness of the removing party's actions. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While ultimately unsuccessful, defendants had a reasonable basis to remove; they simply filed a deficient notice. Thus, the Court finds that an award of costs and fees in this case would not be appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 17) is **granted**. The Court Clerk is directed to remand this case to the District Court of Osage County.

**DATED** this 29th day of September, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT